**SO ORDERED.**

**SIGNED May 21, 2025.**



_____
**JOHN W. KOLWE**
**UNITED STATES BANKRUPTCY JUDGE**
_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| In re: | Case No. 24-50807 |
| Superior Contract Cleaning, Inc., *Debtor* | Chapter 11 |
| | Judge John W. Kolwe |

### RULING ON MOTION FOR STAY PENDING APPEAL

Before the Court is the Debtor's Motion for Stay Pending Appeal of Order Regarding Claim No. 6 (ECF #200), which seeks to stay the enforcement of this Court's April 21, 2025 Order (ECF ##196) resolving the Debtor's Objection to Claim No. 6 (ECF #122) by Quality Wholesale & Supply, Inc. ("Quality"). In that Order, the Court allowed Quality's claim in the principal amount of $364,945.88, plus judicial interest, but disallowed attorney's fees, disallowed the subordination request, and overruled all other objections. For the reasons set out below, the Motion for Stay Pending Appeal will be denied.

1

## BACKGROUND

In December 2022 and January 2023, Quality sold certain equipment to the Debtor, invoicing the Debtor $1,018,163.10 for these sales. As of September 2023, the Debtor had only paid Quality $225,000. On November 27, 2023, Quality made written demand on the Debtor for payment. On December 1, 2023, the Debtor made another $25,000 payment to Quality.

On February 1, 2024, Quality filed a Petition on Open Account in State Court in St. Charles Parish, Louisiana. Thereafter, on March 11, 2024, the Debtor made a $400,000 payment to Quality. Quality moved for summary judgment in the State Court action. Although it was represented by counsel in the State Court matter, the Debtor did not oppose the motion for summary judgment, and on June 18, 2024, Quality obtained a judgment in the principal amount of $384,945.88 ("Judgment"). The Judgment also awarded interest from the date of judicial demand, plus attorneys' fees and costs. However, the Judgment did not specify the dollar amount of interest, fees and costs. After the Judgment was rendered, the Debtor made two payments of $10,000 each. Quality recorded the Judgment in the mortgage and conveyance records of Lafayette Parish, Louisiana on July 10, 2024.

The Debtor did not appeal the Judgment. On September 13, 2024, after the Judgment was no longer subject to appeal and thus final, Quality filed a Petition to Make the Judgment Executory and for Writ of Fieri Facias in State Court in Lafayette Parish (the "Petition to Enforce"). Notwithstanding the fact that the Judgment did not include a specific dollar award of interest, attorneys' fees or costs, Quality attached an addendum to the Judgment it was seeking to enforce (the addendum is denoted as "Statement of Sums Due"). The Statement of Sums Due indicates that the principal amount owed to Quality by the Debtor is $364,945.88. To this amount the following sums were added: (1) interest, as September 13, 2024, in the amount of $258,513.76 (computed using a rate of 1.5% per month, or 18% annually), (2) attorney's fees, as of September 13, 2024, in the amount of $25,418.50, and (3) costs, as of September 13, 2024, in the amount of $1,445.55. The Statement of Sums Due also gives credit for a $20,000 payment made by the Debtor. Thus, in the Petition to

Enforce, Quality represented to the State Court that the Judgment awarded it $630,323.69, and it sought seizure of Debtor's property sufficient to pay this debt.

In response to the Petition to Enforce, the Debtor filed a Petition for Injunctive Relief and for Temporary Restraining Order seeking to enjoin the issuance of a writ to enforce the Judgment. The State Court denied the Debtor's Petition and the Lafayette Parish Clerk of Court issued a Writ of Fieri Facias on September 20, 2024. The Debtor filed its bankruptcy petition in this Court on the same day.

Quality timely filed a proof of claim in this matter, Claim No. 6, asserting a total claim of $610,580.31. The attachment to Quality's claim indicates that it includes pre- and post-Judgment interest computed at 18% per annum, plus pre- and post-Judgment attorneys' fees and costs.

The Debtor objected to Quality's claim, seeking to disallow the claim in its entirety, or alternatively, have it subordinated to all other claims. After an extensive hearing on the matter, which included the submission of documentary evidence by both parties, the Court denied the Debtor's Objection to the extent it sought the total disallowance or subordination of Quality's claim but allowed the claim in a reduced amount. The Court found that the principal amount of the claim as of the Petition date was $364,945.88.[1] The Court also found that even though the Judgment did not include a specific dollar amount for interest, the interest payable on the Judgment was nonetheless determinable by applying the Louisiana "judicial rate" to the principal balance, running from the date of judicial demand, as allowed by the Judgment. The Court disallowed attorneys' fees and costs as part of the claim because the Judgment did not include a specific award for those amounts.

On April 21, 2025, the Court entered the Order setting the principal amount of Quality's claim at $364,945.88, and judicial interest as of the date of Quality's

---

[1] The Judgment found that the principal balance owed to Quality by the Debtor was $384,945.88. However, as noted above, the Debtor made two payments in the amount of $10,000 each around the time the Judgment was rendered and just after, thereby reducing the principal balance to $364,945.88 as of the date of the Debtor's bankruptcy petition.

3

bankruptcy filing in the amount of $25,204.24, for a total claim, as of the petition date of $390,150.12. *See* ECF #196.

On April 23, 2025, the Debtor filed a Notice of Appeal of the Court's April 21, 2025 Order. *See* ECF #199. On the same day, the Debtor filed a Motion to Stay Pending Appeal, which is presently before the Court, re-urging the same arguments made in its claim objection with no new facts or legal arguments. *See* ECF #200. The hearing on the Motion to Stay Pending Appeal is currently scheduled for June 3, 2025.

## LAW AND ANALYSIS

The standards a court should apply when deciding whether to stay an order pending an appeal are well settled, and this Court summarized them in *In re Riley*, No. 17-80108, 2017 WL 4990441 (Bankr. W.D. La. Oct. 27, 2017) as follows:

> The decision whether to grant a stay of an order pending appeal under Fed. R. Bankr. P. 8007 lies within the sound discretion of the court. *In re First South Sav. Ass'n*, 820 F.2d 700, 709 (5th Cir.1987). The standard for deciding whether to grant such a stay mirrors that for granting a preliminary injunction. *Carroll v. Abide*, 2015 WL 5320917 *3 (M.D. La. 2015) *quoting In re A & F Enterprises, Inc. II*, 742 F.3d 763,766 (7th Cir. 2014) and *citing Hunt v. Bankers Trust Co.*, 799 F.2d 1060 (5th Cir. 1986). The standard for deciding whether to grant a preliminary injunction, applied in this context, requires the court to consider four factors: "**(1) whether the movant has made a showing of likelihood of success on the merits; (2) whether the movant has made a showing of irreparable injury if the stay is not granted; (3) whether the granting of the stay would substantially harm the other parties; and (4) whether the granting of the stay would serve the public interest.**" *Collier v. Hodge*, No. 15–CV–2119, 2015 WL 5016485, at *1 (W.D. La. Aug. 21, 2015), *citing In re First South Sav. Ass'n*, 820 F.2d at 710; *see also In re Fabian*, No. CV 16–4674, 2016 WL 3430837, at *3 (E.D. La. 2016) and *Carroll v. Abide*, 2015 WL 5320917 *3 (M.D. La. 2015). To obtain a stay, all four factors must be met, and the movant has the burden of proving these factors by a preponderance of the evidence. *Collier,* 2015 WL 5016485 *1 (W.D. La. 2015).

*Id.*, at *2 (emphasis added).

The Debtor cannot satisfy any of the four factors.

4

*(1) Likelihood of success on the merits*

With respect to the first factor, the Fifth Circuit has stated:

> [O]n motions for stay pending appeal the movant need not always show a "probability" of success on the merits; instead, the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay.... If a movant were required in every case to establish that the appeal would probably be successful, the Rule would not require as it does a prior presentation to the district judge whose order is being appealed. That judge has already decided the merits of the legal issue. The stay procedure of Fed. R. Civ. P. 62(c) and Fed. R. App. P. 8(a) affords interim relief where relative harm and the uncertainty of final disposition justify it. Of course, if the balance of equities (i.e. consideration of the other three factors) is not heavily tilted in the movant's favor, the movant must then make a more substantial showing of likelihood of success on the merits in order to obtain a stay pending appeal.

*Ruiz v. Estelle*, 650 F.2d 555, 565–66 (5th Cir. 1981); *see also Riley, supra.*

In this case, Quality's claim is based on a state court judgment. The judgment casts the Debtor in judgment for the principal amount prayed for, $384,945.88, plus judicial interest running from the date of judicial demand, which was February 1, 2024. The judgment also purports to award attorney's fees and costs but does not specify any amount.

The Debtor objected to Quality's claim on the ground that, under the Debtor's reading of Louisiana law, the judgment's failure to specify the amount of the attorney's fees as a sum certain means that the entire judgment is deficient and incapable of supporting Quality's claim in this bankruptcy case. The Debtor relies primarily on *Monster Rentals, LLC v. Coonass Const. of Acadiana, LLC*, 162 So. 3d 1264 (La. Ct. App. 2015), which the Debtor seems to believe stands for the proposition that a Louisiana state court judgment that fails to specify the amount of attorney's fees is fully null and void. In this Court's opinion, that is a misreading of the case.

In *Monster Rentals*, a judgment was rendered on April 24, 2013 in favor of Monster Rentals, and against the defendant, in the sum of $4,122.28, together with "attorneys' fees and expenses, plus judicial interest from the date of judicial demand,

5

until paid, and for all costs of these proceedings." *Id.* at 1265. Thereafter, *Monster Rentals* engaged in efforts to collect the judgment. Nearly a year after the judgment was entered, on March 18, 2014, Monster Rentals filed a motion seeking attorney fees in the amount of $11,278.13 "for both obtaining and enforcing the judgment against [the defendant]." *Id.* at 1266. Following a May 27, 2014 hearing on the motion for attorney fees, "the trial court entered judgment in favor of Monster Rentals in the amount of $4,000 'representing attorney's fees thru May 27, 2014 that were incurred by Monster Rentals, LLC to enforce the Judgment rendered and signed on April 24, 2013 in this matter[,]' as well as court costs subsequent to April 24, 2013." *Id., quoting* the trial court judgment. Thus, the trial court did not award any attorney fees or costs incurred by Monster Rentals in obtaining the default judgment, despite the judgment awarding them generally, but not in a specific amount.

On appeal, Monster Rentals argued, among other things, that the trial court erred in declining to set the amount of attorney fees in connection with obtaining the default judgment. The appellate court rejected Monster Rentals' argument, concluding that "fixing the amount of attorney fees after the judgment was rendered and became final would constitute an impermissible substantive amendment of the default judgment." *Id.* Thus, the Court did not allow an assessment for pre-judgment attorney's fees and costs. But, it also did not invalidate the original judgment for failing to include those amounts.

In reaching its conclusion, *Monster Rentals* referenced *Opelousas Authority v. Toldedo*, 773 So. 2d 294 (La. Ct. App. 2000). In that case, the plaintiff obtained a judgment that included an award of reasonable attorney's fees, but the judgment did not quantify the dollar amount of those fees. After the judgment became final, the plaintiff sought an amendment to the judgment to award an express dollar amount of attorney fees, which was granted. In reversing the ruling of the trial court, the appellate court stated:

> [Louisiana Code of Civil Procedure] Article 1951 provides, 'A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party: (1) To alter the phraseology of the judgment, but not the substance;

6

or (2) To correct errors of calculation.' Thus, a judgment may be amended as long as the amendment takes nothing from or adds nothing to the original judgment. *Villaume v. Villaume,* 363 So. 2d 448 (La. 1978). The substance of a judgment may only be changed upon a request for a new trial or by appeal. *Oliver v. Department of Public Safety & Corrections,* 94–1223 (La. App. 1 Cir. 6/23/95); 657 So. 2d 596. (emphasis added).

We find that the inclusion of the exact dollar amounts representing the 'reasonable attorney's fees' substantively changed the original judgment. *See Id.*; *Perrodin v. Southern Siding Co.,* 524 So. 2d 885 (La. App. 3 Cir.1988). Since neither party moved for a new trial nor appealed the judgment to this court, the trial court was without jurisdiction to amend the ... judgment. Accordingly, the amended judgment is null and void **and the original judgment is reinstated**.

*Opelousas Authority,* 773 So. 2d at 296 (emphasis added).

*Monster Rentals* and *Opelousas Authority* indicate that the failure to include a sum certain for a particular category of recovery (in those cases, as here, attorney's fees and costs) does not invalidate the entire judgment, but only that portion. Indeed, the courts in both those cases upheld the original judgment that had awarded the attorneys' fees and costs generally, but not in a specific dollar amount.

In this case, there is no dispute that the Debtor actually owed Quality on the principal claim plus judicial interest from the date of judicial demand, and the Court therefore allowed Quality's claim to that extent, but the Court disallowed attorney's fees on the ground that the state court judgment did not reduce that award to a sum certain, just as held by *Monster Rentals* and *Opelousas Authority*. The Court therefore rejected the Debtor's request to disregard the entire judgment based on the deficiency in the award of attorney's fees and costs, especially given that the Debtor has no real argument concerning the underlying principal debt it owed to Quality.

Considering the Debtor's apparent misreading of Louisiana law, the Court does not believe the Debtor has any reasonable chance of success on the merits on appeal, and the Court therefore finds that the Debtor has failed to satisfy this factor.

7

24-50807 - #215 File 05/21/25 Enter 05/21/25 13:59:47 Main Document Pg 7 of 9

### *(2) Irreparable injury if the stay is not granted*

The Court also finds that there will be no irreparable injury if the stay is not granted for a few reasons. First, the Court did not award attorney's fees and costs, which was the only deficient award in the state court judgment, and the Debtor cannot point to any reason why the award of the principal demand plus judicial interest is not warranted by the plain language of the state court judgment. Furthermore, even if the Debtor won its appeal, that would mean the Court would have to fix the amount of Quality's claim in the absence of the state court judgment, and based on the record before it, the Court would choose the same result, allowing Quality's claim in the amount the Debtor actually owes to it. Again, the Debtor has not raised any arguments concerning Quality's principal demand against the Debtor, and by all indications, the Debtor actually owed Quality that amount. Thus, denying the requested stay would not result in any injury, as the result would be precisely the same as it stands now.

### *(3) Absence of substantial harm to the other parties from granting the stay*

The only real harm to Quality if the Court were to grant the stay would be a delay pending resolution of the appeal, and the risks that the Debtor's business may deteriorate further. Given this risk, and the fact that Quality's claim will likely be valued essentially the same regardless of Debtor's success on appeal, the Debtor also fails to satisfy this factor.

### *(4) Service to the public interest from granting the stay*

Given the narrow circumstances presented in this case and the fact that the Court will fix Quality's claim in the same amount regardless of whether it may rely on the valid portions of the state court judgment or only on the underlying record, the Court does not believe even the parties' private interests would be served by granting the stay, much less the public interest.

### **CONCLUSION**

The Court finds that the Debtor has failed to satisfy any of the four factors required to support a decision to grant a stay pending an appeal. Accordingly,

**IT IS ORDERED** that the Debtor's Motion for Stay Pending Appeal (ECF #200) is **DENIED**, and the June 3, 2025 hearing on the Motion is canceled.

# # #